UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DAVID DWAIN DICKERSON,

           Plaintiff,

-against-

WENDY DICKERSON,

           Defendant.

23-CV-9938 (LTS)

ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Plaintiff filed this action *pro se* and *in forma pauperis* ("IFP") against his sister, Wendy Dickerson, in her capacity as executrix of their mother's estate. (ECF 1.) By order and judgment dated and entered January 12, 2024, the Court dismissed the complaint for lack of subject matter jurisdiction, and denied IFP status for the purpose of an appeal. (ECF 5, 6.)

    More than two months later, on March 27, 2024, Plaintiff filed a letter appealing the dismissal. Plaintiff alleges that the Court had acted "arbitrarily" and in a biased manner, because the Court did not conduct a hearing or "address or respect" his claims. (ECF 8.) Thereafter, Plaintiff filed a notice of appeal, on April 12, 2024, and an application for leave to proceed IFP on appeal, on April 16, 2024.[1] (ECF 7, 10.)

    The Court liberally construes the letter as a motion for relief from a judgment or order under Rule 60(b) of the Federal Rules of Civil Procedure. Plaintiff's notice of appeal does not divest the Court of jurisdiction to consider the Rule 60(b) motion because the notice of appeal is untimely. After reviewing the arguments in Plaintiff's submissions, the Court: (1) construes the

---

[1] Because these four submissions (ECF 7-10) incorrectly bore the docket number of a different case, *Dickerson v. Dickerson,* ECF 1:23-CV-10747 (LTS), they were not docketed in this case until April 16, 2024. The Court nevertheless deems them filed as of the date that they were docketed in 23-CV-10747.

notice of appeal as a motion for an extension of time to file a notice of appeal and denies the motion because it is untimely; (2) denies the Rule 60(b) motion; and (3) denies the motion for leave to proceed IFP on appeal.

## DISCUSSION

A.     **Effect of untimely notice of appeal**

Under Rule 4(a)(1)(A) of the Federal Rules of Appellate Procedure, a litigant must file a notice of appeal within 30 days of the entry date of the order or judgment being appealed. *See* Fed. R. App. P. 4(a)(1)(A). A party may move for an extension of time to file a notice of appeal, but under Rule 4(a)(5), must do so, at the latest, within 30 days after expiration of the deadline to file a notice of appeal. *See* Fed. R. App. P. 4(a)(5)(A)(i). This 30-day period for seeking an extension is a "strict jurisdictional" deadline. *Goode v. Winkler*, 252 F.3d 242, 245 (2d Cir. 2001). The moving party must also show "excusable neglect or good cause" for the failure to file a notice of appeal within the deadline. Fed. R. App. P. 4(a)(5)(A)(ii). But even where a litigant shows excusable neglect, the district court cannot grant a motion for an extension of time to appeal that was filed more than 60 days after entry of judgment. *See Goode*, 252 F.3d at 245 ("[E]ven assuming that [the moving party] made a showing of good cause for an extension, the untimely motion should not have been entertained . . . .").

The Court's order of dismissal and civil judgment were entered on January 12, 2024. Thus, Plaintiff had until on or about February 12, 2024, to file a timely notice of appeal, and until March 13, 2024, to file a timely motion for an extension of time to appeal.[2] Plaintiff's March 27,

---

[2] The time to file the motion for an extension of time expired on February 11, 2024, which was a Sunday. Under Rule 6(a)(1)(C) of the Federal Rules of Civil Procedure, the last day to file the motion extended to Monday, February 12, 2024.

2024 letter was filed more than 60 days after entry of judgment. The Court must therefore deny the motion as untimely.

**B.      Rule 60(b) motion**

Under Rule 60(b), a party may seek relief from a district court's order or judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or other misconduct of an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason justifying relief.

Fed. R. Civ. P. 60(b). A Rule 60(b) motion is generally timely if it is "made within a reasonable time," but if it is based on reasons (1), (2), or (3), the motion must be filed "no more than one year after the entry of the judgment or order . . . ." Fed. R. Civ. P. 60(c)(1). Plaintiff's Rule 60(b) motion was brought more than two months after judgment entered and it thus was filed within a reasonable time.

The Court has considered Plaintiff's arguments and even under a liberal interpretation of his motion, Plaintiff has failed to demonstrate that any of the grounds listed in the first five clauses of Fed. R. Civ. P. 60(b) apply. Plaintiff filed this action against his sister. As set forth in the January 10, 2024 order of dismissal, the Court simply does not have subject matter jurisdiction of any claims arising from Plaintiff's sister's capacity as the executrix or administrator of the estate. Without such jurisdiction, the Court cannot hold a hearing or in any way address the merits of the complaint. Therefore, the motion under any of these clauses is denied.

To the extent that Plaintiff seeks relief under Fed. R. Civ. P. 60(b)(6), the motion is also denied. "[A] Rule 60(b)(6) motion must be based upon some reason other than those stated in clauses (1)-(5)." *United Airlines, Inc. v. Brien*, 588 F.3d 158, 175 (2d Cir. 2009) (quoting *Smith v. Sec'y of HHS*, 776 F.2d 1330, 1333 (6th Cir. 1985)). A party moving under Rule 60(b)(6) cannot circumvent the one-year limitation applicable to claims under clauses (1)-(3) by invoking the residual clause (6) of Rule 60(b). *Id.* A Rule 60(b)(6) motion must show both that the motion was filed within a "reasonable time" and that "'extraordinary circumstances' [exist] to warrant relief." *Old Republic Ins. Co. v. Pac. Fin. Servs. of America, Inc.*, 301 F.3d 54, 59 (2d Cir. 2002) (per curiam) (citation omitted).

For the reasons set forth above, Plaintiff has failed to demonstrate that extraordinary circumstances exist to warrant relief under Fed. R. Civ. P. 60(b)(6). *See Ackermann v. United States*, 340 U.S. 193, 199-202 (1950).

## CONCLUSION

The Court denies as untimely the motion for an extension of time to file a notice of appeal. The Court denies the motion for reconsideration. The Court already denied Plaintiff leave to proceed IFP on appeal in the January 10, 2024 order. Insofar as Plaintiff is again requesting IFP status on appeal, the application is denied.

This action is closed. The Clerk of Court will only accept for filing documents that are directed to the United States Court of Appeals for the Second Circuit.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: April 19, 2024
New York, New York

                                             /s/ Laura Taylor Swain
                                             LAURA TAYLOR SWAIN
                                       Chief United States District Judge